JOHN A. STEES v. ELMER F. LIND and Others.[1]

January 15, 1909.

Nos. 15,895—(172).

**Assignment of Lease—Chattel Mortgage Clause.**

A written lease of a building, described therein, contained a chattel mortgage clause, whereby the lessee mortgaged to the lessor all the furniture and fixtures then in the building, or thereafter placed therein, to secure the rent. The lease was duly filed and indexed in the proper

[1] Reported in 119 N. W. 67.

clerk's office. The lessee thereafter assigned his interest in the lease with the consent of the lessor.

Held, that the lease, after such assignment, continued to be constructive notice of the lien of the lessor on the personal property.

Held, further, that the trial court did not err in sustaining an objection to the appellant's offer to show that the lessor, when he consented to the assignment of the lease, was told that the assignee had purchased the personal property.

Action in the municipal court of St. Paul to recover possession of certain chattels, or the sum of $200, the value thereof in case a delivery could not be had, and $25 damages. Defendant Miller alone answered. The facts were stipulated and are stated in the opinion. The case was tried before Finehout, J., who made findings of fact and as conclusions of law found that plaintiff was entitled to judgment. From an order denying defendant Miller's motion for a new trial, he appealed. Affirmed.

A. F. Storey, for appellant.

The several assignments were not filed and were not notice. They were more than assignments, they constituted new contracts. A purchaser from a mortgagor would not be interested in the ownership of the mortgage, but it would be very important for him to know whether one in fact existed. Presumptively the party in possession of real or personal property is the owner. In this case an examination by Miller disclosed no lien given either by Standenmeier or the Linds. Was he required to go further and ascertain if some earlier owner had mortgaged the property? When mortgaged property is sold by the mortgagor with the consent of the mortgagee, the mortgage is thereby released. Partridge v. Minnesota & D. Ele. Co., 75 Minn. 496; Fairweather v. Nelson, 76 Minn. 510; Brandt v. Daniels, 45 Ill. 453.

Harold Harris, for respondent.

The statute does not require the assignment of a chattel mortgage to be filed. The lien of a chattel mortgage which has been duly filed continues until the mortgage is paid or satisfied or barred by limitation. Laws 1901, c. 146; R. L. 1905, § 3464.

START, C. J.

Appeal by the defendant Miller from an order of the municipal court of the city of St. Paul, denying his motion for a new trial in an action of replevin, to recover from him the possession of certain personal property. The plaintiff, Stees, and the defendant Miller each claimed title to the personal property by virtue of a chattel mortgage thereon, and the question here to be decided is which party had the prior lien as against the other. The facts admitted by the parties or found by the trial court relevant to the question are to the effect following:

On November 5, 1904, the plaintiff and James J. Karalis entered into a written lease, whereby the plaintiff leased to Karalis for the term of three years a storeroom known as No. 173 East Seventh street, in the city of St. Paul, for which Karalis thereby agreed to pay to the plaintiff $125 a month as rent. A chattel mortgage clause in the usual form was inserted in the lease, whereby Karalis, the lessee and owner of the personal property therein described, mortgaged it to the plaintiff to secure the payment of the rent. The personal property, so mortgaged, was described in the lease as all the furniture and fixtures of every kind therein, or thereafter to be placed in the demised storeroom during the term of the lease. The lease was duly filed, indorsed, numbered, and indexed in the proper city clerk's office on March 8, 1905. The lessee, Karalis, entered into possession of the leased premises, placed therein the personal property here in question, of which he was the owner, and it remained therein until taken possession of by the defendant Miller shortly before the commencement of this action.

On May 10, 1905, Karalis assigned his lease, with the consent of the plaintiff, to W. E. Stewart. There were several subsequent assignments of the lease by the respective assignees thereof, with the consent of the plaintiff. Each and all of said assignments were duly filed in the office of the city clerk and annexed at the time of the filing thereof to the lease. At time of filing each assignment a notation was made in the book containing the record of the filing of the lease, in the column headed "How Disposed of" in the Chattel Mortgage Index, giving the date of entry and the names of the assignees, respectively. A similar notation was made in the Chattel Mortgage Index Inverse in the column headed "How Disposed of." The last assignees were the defendants Lind, who on December 17, 1906, gave a chattel mortgage

on the personal property here in question, which was then in the demised storeroom, to a third party, who assigned it to defendant Miller, and on April 1, 1907, they gave another chattel mortgage thereon to Miller. Both of his mortgages were duly filed, and when he took them he had no actual notice of the plaintiff's lease and mortgage. The defendants Lind, having made default in the conditions of the chattel mortgages, surrendered possession of the property to the defendant Miller.

No question is made as to the bona fides of the mortgages under which Miller claims the property, nor as to the bona fides of the plaintiff's lease and the mortgage provision therein, under which he claims the property. Each assignee of the lease, by the terms of the assignment to him, assumed all the conditions and obligations of the lessee, specified in the lease. The trial court found, as a conclusion of law, that the plaintiff was entitled to recover the possession of the personal property, or the value thereof, $200, in case recovery could not be had, and $10, plaintiff's damage for the detention of the property.

1. The appellant's first contention is that the trial court's conclusion of law was not justified by the facts found. It is conceded that the lease containing the chattel mortgage provision was duly filed, and thereafter it was constructive notice to every one, so long as there was no assignment of his interest in the lease by the lessee. But the appellant contends that, when the original lessee assigned the lease with the consent of the lessor, a new contract, which was in effect a chattel mortgage, was thereby made between the lessor and the assignee, and the original lease ceased to be notice to any one; that a similar contract resulted from each subsequent assignment, and, none of them having been indexed as a chattel mortgage, the appellant was not chargeable with constructive notice of the lease when he acquired the chattel mortgages made by defendants Lind, assignees of the lease. The basis of this claim is that the search of the chattel mortgage indexes for their names would not disclose the existence of the lease and mortgage made by lessee, Karalis. Precisely the same result would follow in any case where a person other than the mortgagor is found in possession of mortgaged personal property and a chattel mortgage thereon taken from him. In such a case, if the first mortgage was

duly filed, no one would claim that the second mortgagee did not have constructive notice of the first one.

It would have been an easy matter for the appellant, before taking a chattel mortgage from the parties in possession of the demised premises and the furniture and fixtures therein, to have inquired of them who their landlord was, and thereby obtained the information which would have enabled him to find out whether there was a mortgage on the personal property. But, this aside, the premise of the appellant's contention is not sustained by the facts in this case. There was no transfer of the personal property in any of the assignments of the lease, nor any assent to such a transfer in the lessor's consent to the assignments of the lease. Again, it was expressly provided, in each written consent of the lessor to an assignment of the lease, that the original lessee should not be released thereby from any covenant on his part in the lease. It follows that there were no new leases or chattel mortgages to be indexed in the clerk's office, and we hold that the lease containing the chattel mortgage clause, on file and properly indexed, continued to be constructive notice of the lien of the lessor after the lease had been assigned.

2. The appellant further contends that the trial court erred in sustaining plaintiff's objections to his several offers to show that, at the time each assignment of the lease was made, the plaintiff was informed that the assignee had purchased the personal property here in question. The objection was rightly sustained. The offer was far from being the equivalent of an offer to show that the lessor consented that the lessee might make an absolute sale of the property which would estop the lessor from thereafter asserting his lien thereon.

Order affirmed.